IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN WADLEY, | : | CIVIL ACTION NO. **3:12-CV-01096** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| DAUPHIN COUNTY PROBATION & PAROLE, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On June 11, 2012, Petitioner Justin Wadley ("Petitioner"), presently an inmate at the State Correctional Institute at Rockview[1] ("SCI Rockview") in Bellefonte, PA, filed, *pro se,* a §1983 civil rights Complaint against Dauphin County Adult Probation & Parole ("DCAPP") alleging wrongful confinement and seeking money damages. (Doc. 1). On June 1, 2012, Petitioner signed and filed his 2-page, handwritten Complaint on the standard civil rights form complaint distributed for use by inmates. (*Id.*, p. 2). Petitioner also filed a Motion for Leave to Proceed *In Forma Pauperis* and provided authorization for the prison to submit a copy of Petitioner's trust fund to the Court, and for the entire filing fee to be deducted from his inmate account. (Docs. 2 & 3). On July 16, 2012, we issued a Report and Recommendation directing

---

[1] At the time of Petitioner's complaint, Petitioner was an inmate at the Dauphin County Prison in Harrisburg, PA. (Doc. 1). Petitioner has not provided the Court with a change of address. The inmate locator on the Pennsylvania Department of Corrections website currently shows the commitment of "Justin E. Wadley," date of birth April 26, 1988, matching that of Petitioner to SCI Rockview from Dauphin County.

the Clerk of Court to docket Petitioner's case as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 6). We further recommended that the Court dismiss without prejudice Petitioner's claim seeking monetary damages for his alleged imprisonment beyond his maximum state sentence. (*Id.*). It was further recommended that the Court direct Petitioner to file his constitutional claim in a separate civil rights action under Section 1983 after he exhausts his state court remedies. (*Id.*). On August 14, 2012, the District Court adopted our Report and Recommendation. (Doc. 8).

On August 16, 2012, the Court issued a Show Cause Order to Respondent. (Doc. 10). On September 19, 2012, we issued an Order directing Respondents to show cause by October 9, 2012 why Petitioner should not be granted habeas corpus relief. (Doc. 17). After an extension of time was granted, Respondents filed a response in opposition to the habeas petition with exhibits. (Docs. 24 & 25). Petitioner did not file a Traverse. Thus, Petitioner's habeas petition is ripe for disposition.

**II. Allegations of Complaint.**

In his request for relief, Petitioner asks that the Court to "close his Probation Dockets" and also claims that he is being improperly held in the Dauphin County Prison on an "invalid Probation & Parole matter." Petitioner also requests compensatory damages, including damages for stress and anxiety due to his alleged illegal detention in the Dauphin County Prison, by DCAPP.[2] (Doc. 1, p. 3). Petitioner avers that "I'm currently being detained on an (sic) Dauphin

---

[2] As noted above, this claim was dismissed by the Court as Plaintiff cannot obtain compensatory damages for mental and emotional distress in a civil rights action since he does not allege any physical injury. *See Allah v. Al-Hafeez*, 226 F. 3d 247, 251 (3d Cir. 2000); *Kantamanto v. King*, 651 F. Supp. 2d 313, 320, n. 1 (E. D. Pa. 2009). Thus, this claim for relief will not be analyzed further.

County Adult Probation & Parole detainer without a single visit from a parole officers (sic)." (Doc. 1, p. 2). Petitioner alleges that he has not yet received the paperwork regarding the detainer and parole revocation proceedings filed against him by DCAPP, and furthermore that this violates his due process rights and renders his present confinement in DCP illegal. He also states as follows in his Complaint: "My bail is paid. I've maxed my state sentence. I'm being held on this matter that I never had a parole visit or a revocation hearing for." (Doc. 1, p. 2). Further, he states that "I have no assign [sic] parole officer and that they have no reason why I'm still incarcerated." (*Id*.).

As stated, Petitioner requests the Court to essentially dismiss the detainer and parole revocation proceeding filed against him by Defendant DCAPP. Additionally, Petitioner requests "a small compensation for this lengthy extent of overwhelming stress & many days of absence [sic] work." (*Id*., p. 3). Petitioner indicates in his Complaint that he has pursued his DCP administrative grievance procedures with respect to his claim. *(Id*., p. 1).

**III. Discussion.**

Upon receipt of Petitioner's initial Complaint, we contacted the Dauphin County Prison by telephone to ascertain the circumstances of Petitioner's current confinement. We were advised that Plaintiff was incarcerated in the Dauphin County Prison since August 9, 2011, and prison officials acknowledged that Plaintiff had maxed out his previous state sentence, also noted by Petitioner in his Complaint. (Doc. 1, p. 2). Although Petitioner was released on his own recognizance ("ROR") bail on February 7, 2011, for the most recent drug and firearm charges brought against him in Dauphin County Court of Common Pleas, CP-22-CR-1915-

3

2011, he remained in custody on a detainer filed against him by Respondent DCAPP, apparently due to a parole violation charge stemming from drug and firearm charges brought against him in Dauphin County. Thus, Petitioner was incarcerated at the Dauphin County Prison and had a hearing scheduled on pre-trial motions for July 18, 2012, with respect to the drug and firearm charges filed against him in his Dauphin County Court of Common Pleas pending criminal case, CP-22-CR-1915-2011.[3] On July 17, 2012, Petitioner pled guilty and was sentenced to: count one, unlawful distribution of a controlled substance (felony) to serve three and one-half (3 ½) to eight (8) years in a state correctional institute with credit for time served from November 19, 2010 through February 7, 2011; count two, possession with intent to deliver (felony) to serve two (2) years county probation consecutive to count one; count three, person not to possess a firearm (felony) to serve three and one-half (3 ½) to eight (8) years in a state correctional institute concurrent with count one; and count four, carrying a firearm without a license to serve two (2) to four (4) years concurrent with count one. *See* CP-22-CR-1915-2011.

To the extent that Petitioner claims he is currently being wrongly confined in the Dauphin County Prison by Respondent DCAPP this claim appears to be moot as Petitioner is currently in SCI Rockview pursuant to a guilty plea. In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court found that a petitioner's release in and of itself did not render moot his habeas petition. Rather, the Court stated that "[t]he more substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented

---

[3]We take judicial notice of Petitioner's Criminal Docket in his Dauphin County Court of Common Pleas pending case, CP-22-CR-1915-2011. We obtained Petitioner's Criminal Docket at http://ujsportal.pacourts.us/DocketSheets/CP.aspx.

a case or controversy under Article III, § 2, of the Constitution." *Id*. at 7. In the present case, Petitioner sought habeas relief alleging that he had not received the paper work regarding the detainer and parole revocation proceedings filed against him by DCAPP, and furthermore that this violated his constitutional due process rights. Thus, Petitioner claimed he was being unlawfully detained by the Dauphin County Prison. The question arises as to whether Petitioner's claims are moot since he is now in SCI Rockview after a guilty plea. In *Spencer*, the Court stated that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit. This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the Defendant and likely to be redressed by a favorable judicial decision." *Id.*(citations omitted).

The case or controversy requirement of Article III, Section 2 of the United States Constitution must be present through all stages of federal judicial proceedings. Parties must continue to have a " 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78; *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). Simply put, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477. Thus, the power of a federal court to adjudicate a matter depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459, 94 S.Ct. 1209 (1974)(emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id*. at n. 10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy … if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F.Supp.

5

1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 (1974)).

Since Petitioner is no longer confined in the Dauphin County Prison "some 'collateral consequences' of the conviction ... must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7. Because Petitioner is no longer being detained at the Dauphin County Prison, his habeas petition is moot. The relief Petitioner requested, *i.e.* for the Court to dismiss the detainer and parole revocation proceeding filed against him by the DCAPP, cannot be granted by the Court as he is no longer being held at the Dauphin County Prison. We find that Petitioner no longer has a case or controversy before this Court, since he does not presently have any adverse effects regarding his prior detention by the Dauphin County Prison. *See Lockhart v. McCree*, 476 U.S. 162, 168 n. 2, 106 S.Ct. 1758 (1986); *McMann v. Richardson*, 397 U.S. 759, 760 n. 1, 90 S.Ct. 1441 (1970); *In re Kravitz*, 504 F.Supp. 43, 45 (M.D. Pa. 1980)("Neither the stigma of murder conviction not the pecuniary loss to [Petitioner's] estate invest the deceased habeas applicant's collateral challenge to the validity of [her] conviction with the 'live controversy' necessary to sustain this court's limited subject-matter jurisdiction."

Furthermore, it is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex* 442 U.S. 1, 7 (1979). However, the United States Court of Appeals for the Third Circuit has also held that "[E]ven if a state statute does not give rise to a liberty interest in parole release under *Greenholtz*, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible

6

reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d. Cir. 1980).

Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." *Id*. Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. *Id*. Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole . . . ." *Id*. at 236 n.2. A state inmate is also entitled to due process during parole revocation proceedings.

In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the United States Supreme Court addressed a habeas petition filed by a state inmate who alleged that he had not received due process during parole revocation procedures. The Court recognized that a federal court should not upset a decision of a state parole board unless the determination is based on constitutionally impermissible reasons such as race, religion, or ethnicity or is rendered in the absence of the following due process protections: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; ( c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact-finder as to the evidence relied on and reasons for revoking parole. *Id*. at 488-89.

Petitioner's Complaint arises from the period approximately between August 9, 2011 and the date he was transferred to SCI Rockview[4], when he alleges that he has been wrongfully confined in DCP on a Dauphin County Adult Probation & Parole detainer without being afforded his parole revocation due process rights. Petitioner avers in his Complaint that he has not had any revocation hearing and that he has not been served notice of the reasons underlying revocation.

This Court can review Petitioner's confinement to ensure that the parole revocation proceedings instituted by Defendant DCAPP were carried out in accordance with *Morrissey*, but as noted in the July 16, 2012 Report and Recommendation and adopted by this Court, Petitioner's Complaint will be deemed styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, as his claim implicates alleged wrongful confinement, the essence of a petition for writ of habeas corpus. *See Graves v. Holt,* 2008 WL 2224889 (M.D. Pa. 2008).

The Third Circuit in *Leamer v. Fauver*, 288 F. 3d 532, 542 (3d Cir. 2002), stated:

> whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and <u>regardless of the relief sought</u>, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate. (Emphasis added).

As such, Petitioner must satisfy the standards set for by 28 U.S.C. § 2254, which states the following, in part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a

---

[4]This date is unknown as Petitioner has not provided this information to the Court.

> person in custody pursuant to the judgment of a .. Court only on the ground that he is in custody in violation of the Constitution or laws or treaties if the United States.
>> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a ... court shall not be granted unless it appears that –
>>> (A) the applicant has exhausted the remedies available [to the petitioner];
>>
>> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available [to the petitioner].

28 U.S.C. 2254(a) and (b).

Respondents argue that Petitioner's Petition for Writ of Habeas Corpus be dismissed because Plaintiff failed to exhaust his state court remedies as required by 28 U.S.C. § 2254 and Plaintiff has been properly detained. (Doc. 24). We agree with Respondents that Petitioner has failed to exhaust his state court remedies as required by 28 U.S.C. § 2254.

There is no question that a state prisoner must exhaust his state court remedies prior to obtaining relief in federal court through a §2254 habeas petition. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Also, Petitioner has the burden of proving that he exhausted his state court remedies. *See Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

In *Myers v. Warden of SCI-Albion*, 2010 WL 1838178, *3 (M.D. Pa. 5-6-10), the Court stated:

> As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c); *Cone v. Bell,* --- U.S. ----, ----, 129 S.Ct. 1769, 1780, 173 L.Ed.2d 701 (2009); *Rose v. Lundy,* 455 U.S. 509, 515-20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Toulson v. Beyer,* 987 F.2d 984, 986 (3d Cir.1993); *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition ...." *Santana v. Fenton,* 685 F.2d 71, 77 (3d Cir.1982).FN5 The

exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." *Gibson,* 805 F.2d at 138.

> FN5. Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, *Mayberry v. Petsock,* 821 F.2d 179, 184 (3d Cir.1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. *Story v. Kindt,* 26 F.3d 402, 405 (3d Cir.1994); *Schandelmeier v. Cunningham,* 819 F.2d 52, 55 (3d Cir.1986).

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir.2004). The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding. *Id.* However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples,* 489 U.S. 346, 350, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir.2000) (citing *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d. Cir.1997)).

It is clear that Petitioner's instant claims have not yet been fully exhausted in the state courts.[5] There is no evidence that Petitioner sought state court review with respect to the

---

[5]The habeas statute requires a prisoner to exhaust his claims in state court before seeking relief from federal courts. 28 U.S.C. § 2254(b)(1)(A); *see also Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). It is well settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and it may do so *sua sponte*. *See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied*, 538

detainer lodged against him nor has Petitioner provided any evidence to the court related to the exhaustion of his state court remedies.

Based on the habeas petition, we find that Petitioner failed to exhaust his present habeas claims. Furthermore, Petitioner's Dauphin County Criminal Docket Sheet does not indicate that Petitioner exhausted his state court remedies. See CP-22-CR-1915-2011. Thus, we find that Petitioner has filed a habeas petition raising claims which he did not yet exhaust in state court. As such, we will recommend that the Court dismiss the petition without prejudice in order to allow the petitioner to totally exhaust his claims in the state court. See Temple v. Geroulo, 2011 WL 3876041 (M.D. Pa. 1-24-11) adopted by 2011 WL 3876013 (M.D. Pa. 9-1-11).

## IV. Recommendation.

Based on the foregoing, we respectfully recommend that Petitioner's Habeas Petition pursuant to 28 U.S.C. §2254 **(Doc. 1)** be dismissed without prejudice since Petitioner has failed to exhaust his available state court remedies.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January 2, 2013**

---

U.S. 1002 (2003); *Holden v. Mechling*, 2005 WL 1219860 (3d Cir.).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN WADLEY, | : | CIVIL ACTION NO. **3:12-CV-01096** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DAUPHIN COUNTY | : | |
| PROBATION & PAROLE , | : | |
| | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 2, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections may constitute a waiver of any appellate rights.

                                                  s/ Thomas M. Blewitt
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated: January 2, 2013**